Mr. Chief Justice Sharkey
delivered the opinion of the court.
This case originated in a trial of the right of property, levied on under an execution in favor of defendants in error. The negro girl, which is the subject of dispute, was purchased by the plaintiff in error, at marshal’s sale, under a judgment in the United States court, older than the judgment of defendants in error, which was a judgment of the circuit court of Yazoo county.
The case depends on two questions. First, is the act of the legislature, passed on the 6th of February, 1841, entitled, “An act to regulate the liens of judgments and decrees,” a constitutional and valid’ pet as respects prior judgments 7 And second, if it is so, does it apply to judgments rendered in the federal court 7 We respond to both of these questions in the affirmative.
*313 The first section of the act provides, “ that all judgments and decrees of any superior, circuit, district or superior court of law or equity, holden within this state, shall operate as liens from the date of their rendition upon the property of the debtor, being within the county in which the sitting of such court may be holden, and not elsewhere, unless upon compliance with the conditions hereinafter enacted.”
The second section provides that judgments previously rendered, shall be liens from the date of rendition, upon property situated in any other county, on condition that an abstract of such judgment should, by the first of July next thereafter, be filed in the office of the circuit court of the county in which the property was situated, as directed in the succeeding section.
The property was levied on, and sold by the marshal in Yazoo county. The judgment was rendered prior to the passage of the act, but had not been registered as therein directed.
This act does not impair the lien of any judgment creditor, who has recorded his judgment. It simply requires of him to record an abstract of his judgment within a given time. An act cannot be said to impair a lien, which leaves it entirely at the discretion of the party, whether he will preserve it or not. Nor does it in any sense impair the obligation of the contract by operating on the remedy. The remedy remains unchanged. The law had previously given to judgments the effect of a lien without limit as to time, and without condition. The duration of the lien is now limited, unless the condition be complied with, and in that case it remains as it stood before. The act effects no change absolutely, or against the consent of the creditor, and it rests upon the same principle which authorizes the legislature to pass limitation laws to operate on subsisting contracts, and registry laws; to operate on existing conveyances, giving, in each case, a reasonable time within which the effect of the statute may be avoided. Such laws have universally been admitted to be valid. Jackson v. Lamphire, 3 Peters, 280; 7 Louisiana R. 301; Hayward v. McCracken, 2 How. S. C. 608. In Ross v. Duval, 13 Peters, 45, a law of Virginia which required that judgments should be revived by sci. fa. after a cer *314 tain time, was held to be a mere limitation law. Individuals cannot be deprived of their rights, but duties may be imposed on them which are required by public interest and safety. This is in effect a conditional act of limitations, and it is also a registry act. A judgment is a constructive notice of an existing lien. This law changes the mode of giving that notice, and whilst it protects, in all respects, the rights of the judgment creditor, it also more effectually protects the public, by placing the means of information with regard to liens, within the reach of the citizens of every county. And whilst we freely concede that any legislation which might lessen the extent or the efficacy of the remedy on existing contracts, or which should change or diminish the force of existing liens, might be objectionable, yet we do not think this act has that effect.
The second question seems to be even less doubtful. The lien of a judgment in the federal court is derived entirely from the state law, and when it is enforced as a lien, it is done on the authority of state laws. As it exists only by virtue of the state law, it must submit to any changes which the legislature may think proper to make, which do not affect the process. It surely would not be contended that, if the legislature were to repeal the law entirely as it regards future judgments, the judgments of the federal courts would still be liens. And yet that would be the consequence of the principle contended for. The case of Ross v. Duval, 13 Pet. 45, settles this question. An act of a state legislature in relation to judgments, was held to be a rule of property, and as such, binding on the federal courts under the thirty-fourth section of the judiciary act. It was said not to fall within the provisions of the process acts of congress. The judgment, is a lien given by law, and the existence or validity of a lien is a very different thing from the means by which it is to be enforced. The one is regulated and determined by the state law, but the other by the act of congress. In Tayloe v. Thomson, 5 Peters, 358, it was held that the lien of judgments constituted a rule of property, in reference to which the federal courts were bound by the statutes of a state, and the interpretations which had been given them. See 1 Kent’s Com. 5th ed *315 248, note. The precise point now under consideration was settled in the same way by the supreme court of Tennessee. Reid v. House, 2 Hum. 576; Andrews v. Wilkes, 6 How. 554.
The title of the plaintiff in error has been attempted to be sustained on the ground that the defendants in error had notice of the judgment under which he claims. The doctrine of notice can have no application whatever. The judgment ceased to be a lien because it was not recorded, and notice of that which was not a lien amounts to nothing. But there is no proof of notice, unless it be such as might arise from the existence of the judgment.
Judgment affirmed.